UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER M. THAYER,

        Petitioner,

    v.                                Case No. 19-cv-1475-pp

REED RICHARDSON,

        Respondent.

## ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE (DKT. NO. 2), ADMINISTRATIVELY CLOSING CASE AND PRESERVING FILING DATE

On October 9, 2019, the petitioner, an inmate at Stanley Correctional Institution who is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2018 conviction for homicide by intoxicated use of a vehicle and injury by intoxicated use of a vehicle. Dkt. No. 1. The petitioner also filed a "Motion for Stay and Abeyance Pursuant to Rhines v. Weber." Dkt. No. 2. A week later, the petitioner paid the $5.00 filing fee.

This order grants the petitioner's motion for a stay.

## I.      Background

On June 5, 2018, the petitioner pled no contest in Kenosha County Circuit Court to one count of homicide by intoxicated use of a vehicle and one count of injury by intoxicated use of a vehicle. Dkt. No. 1-1 at 2. Six weeks later, the court sentenced him to ten years of initial confinement followed by ten years of extended supervision on the homicide by intoxicated use of a

1

vehicle count. Id. The court sentenced him to three years of initial confinement followed by three years of extended supervision on the injury by intoxicated use of a vehicle count, consecutive to the sentence for homicide by intoxicated use of a vehicle. Id. The clerk entered judgment the same day. Id. The petitioner did not file a direct appeal or state-court postconviction motion, and has not filed a prior federal challenge to his convictions. Dkt. No. 1 at 3-6, 9-10.

He filed the instant petition on October 9, 2019. Dkt. No. 1.

## II.    **Rule 4 Screening**

### A.    Standard

Rule 4 of the Rules Governing Section 2254 Proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must

exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000)

B.    Analysis

The petitioner asserts six grounds for relief: (1) ineffective assistance of counsel for failure to investigate, dkt. no. 1 at 6; (2) ineffective assistance of counsel for failure to seek a change in venue, id. at 7; (3) ineffective assistance of counsel for "not presenting all plea offers to [the petitioner] prior to the recommendation and acceptance of the accepted plea," id. at 8; (4) a due process violation resulting from the trial court's reliance on facts and evidence not in the record at sentencing, and ineffective assistance of counsel for "failing to correct the court's use of such evidence/facts for the purpose of sentencing," id. at 9; (5) a due process violation resulting from the trial court's failure to recuse, dkt. no. 1-1 at 1; and (6) "[t]he trial court failed to correctly, as required by both state and federal statute and presiding precedence accept [the

petitioner's] plea which supports [the petitioner's] argument the plea was not knowing, voluntary and intelligently entered," id.

The petitioner has stated cognizable constitutional claims. See Trevino v. Thaler, 569 U.S. 413 (2013) (considering an ineffective assistance of counsel claim on *habeas* review); Promotor v. Pollard, 628 F.3d 878, 888 (7th Cir. 2010) (considering on *habeas* review a claim that a state trial court violated due process by relying on inaccurate information at sentencing); United States v. Williams, 949 F.3d 1056, 1061 (7th Cir. 2020) (considering a due process claim based on a trial court judge's failure to recuse on *habeas* review); Perruquet v. Briley, 390 F.3d 505, 512 (7th Cir. 2004) (considering a claim of trial court error on *habeas* review). Jean-Paul v. Douma, 809 F.3d 354, 358-59 (7th Cir. 2015) (considering an involuntary plea claim on *habeas* review).

The court has concerns about the timeliness of the petition, and whether the petitioner exhausted his state remedies. The petitioner has asked the court to stay the case, however, while he exhausts his state remedies.

## III.   Motion for Stay and Abeyance (Dkt. No. 2)

The petition states that the petitioner "was not aware of his appellate rights, was not advised or understood his appellate rights." Dkt. No. 1 at 7. The petitioner says that he is now proceeding *pro se* and wishes to exhaust his state remedies. Id.

On October 9, 2019, the petitioner filed a "Motion for Stay and Abeyance Pursuant to Rhines v. Weber." Dkt. No. 2. The motion asks this court to stay proceedings on the *habeas* petition while he exhausts his claims in state court.

Id. at 1. The petitioner states that he did not know his appeal rights, "did not have a direct appeal proceeding, was not assigned, appointed, retained appellate counsel or proceeded pro se. Therefore, no postconviction or appellate proceedings have been filed in this matter." Id. at 2.

The petitioner appears to recognize that the law requires him to give the Wisconsin courts a full opportunity to review his claims before he may seek federal *habeas* relief. Boerckel, 526 U.S. at 845. Such a "full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing Boerckel, 526 U.S. at 845). The court can order a stay and abeyance of an unexhausted federal *habeas* petition while a petitioner returns to the state court to exhaust his state remedies. Rhines, 544 U.S. at 276-77; Dolis v. Chambers, 454 F.3d 721, 724-25 (7th Cir. 2006) (vacating district court's dismissal of a petitioner's wholly unexhausted *habeas* petition and remanding with instructions for the court to consider a stay of the federal proceedings under pre-Rhines circuit authority). "Stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 270. A district court should grant a stay when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The Supreme Court has instructed district courts that they should not stay mixed petitions "indefinitely," and "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 277-78.

The petitioner argues that his lack of legal education, lack of knowledge of his appeal rights and the circumstances of his confinement constitute good cause to stay the case. Dkt. No. 2 at 2-3. He contends that his constitutional claims have merit and asks the court stay the case and allow him six months to start his proceedings in state-court. Id. at 5-6.

At this early stage, the court's review of the petitioner's claims reflects that they could have merit. The court has no indication that the petitioner requested a stay for the purpose of delay. The court will grant the petitioner's request to stay the federal proceedings while he exhausts his state remedies. The court will stay and administratively close this federal case until the petitioner has exhausted his claims in state court. The court will order that within thirty days of the conclusion of his state court proceedings, the petitioner must file a motion asking this court to reopen his federal case. The court then will reopen the case, maintaining the original filing date of the petition. At that time, the petitioner may amend his petition to clarify the claims that he is raising and to indicate whether he's exhausted them. The court cautions the petitioner that he should use his time in state court to exhaust all claims that he wants to raise in this federal *habeas* petition. This may require him to file different motions with different levels of the state court. After the petitioner asks the court to reopen the case, the court will order the respondent to answer or otherwise respond to the petition.

## IV. Conclusion

The court **GRANTS** the petitioner's motion for stay and abeyance. Dkt. No. 2.

The court **ORDERS** that the federal proceedings are **STAYED** until the petitioner has exhausted his state court remedies.

The court **ORDERS** that the Clerk of Court must **ADMINISTRATIVELY CLOSE** this case. The court **ORDERS** that within **thirty days** after the conclusion of his state court proceedings, the petitioner must file a motion in this case (captioned "Motion to Reopen"), informing the court that the state court proceedings are finished and asking the court to reopen the federal case. Once it receives that motion, the court will reopen the case immediately, with the parties retaining all rights they would have had had the case not been closed for administrative purposes. The petitioner will have the benefit of the original filing date.

Dated in Milwaukee, Wisconsin this 27th day of April, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**